UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS I. BROWN, A.K.A
DENNIS BROWN, A.K.A
DENNIS IVERY BROWN,

    Defendant.
_____/

Case No. 12-cv-15430
Honorable Linda V. Parker

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE JUDGMENT [ECF NO. 36]

On December 11, 2012, the government filed a Complaint against Defendant Dennis I. Brown ("Defendant") for failure to pay his student loan debt with the Department of Education. (ECF No. 1.) On March 5, 2013, the clerk entered a default judgment against Defendant, and the government began collection efforts. (ECF Nos. 9, 15.) Defendant contends his student loan debt was discharged pursuant to the school closing exception as authorized in 34 C.F.R. §§ 674.33, 682.402, and 685.214.

Presently before the Court is Defendant's Motion to Set Aside the Judgment, filed April 25, 2017. (ECF No. 36.) The Government filed a response on May 19, 2017. (ECF No. 40.)

1

## I. Background

In December 1988, Defendant was enrolled at the National Technical Institute in Detroit, MI. (ECF No. 40 at Pg ID 140.) On December 15, 1988, Defendant took out two student loans: $3,095.00 from Bank of America, guaranteed by North Star Guarantee, Inc., and $2,625.00 from Aetna Bank, guaranteed by Great Lakes Higher Education Corporation. (*Id.*) Both loans were ultimately reinsured by the Department of Education. (*Id.*) According to a loan officer at Great Lakes Higher Education Corporation, Defendant withdrew from the school on April 15, 1990. (ECF No. 40 at Pg ID 172; ECF No. 36 at Pg ID 111.) The school was closed on August 15, 1991. (ECF No. 40 at Pg ID 138; ECF No. 36 at Pg ID 104.)

The government filed a Complaint based on Defendant's failure to pay his student loan obligations on December 11, 2012. (ECF No. 1.) At the time of the filing of the Complaint, Defendant owed a total of $17,277.09 in student loan debt. (*Id.* at Pg ID 1-2.) The Clerk entered default and default judgment against Defendant on March 5, 2013. (ECF No. 9.)

At the request of the government, on July 29, 2013, the Court issued a writ of continuing garnishment to Oakland Stamping, LLC, Defendant's employer at the time. (ECF No. 15.) On August 19, 2013, Judge Gerald E. Rosen ordered Oakland Stamping, LLC to remit twenty-five percent of Defendant's income to the

2

government. (ECF No. 18 at Pg ID 52.) Also on August 19, 2013, Defendant filed an objection to the garnishment, claiming he was not liable for the student loan debt because the school had closed. (ECF No. 19.) On August 27, 2013, the matter was referred to Magistrate Judge David R. Grand. (ECF No. 20.)

On September 27, 2013, Magistrate Judge Grand held a hearing on the garnishment and stayed the garnishment for thirty days based on Defendant's claim that he was exempt from replaying the student loan debt. The hearing was finally held on February 14, 2014, and Magistrate Judge Grand denied Defendant's motion as moot because Defendant was no longer employed by Oakland Stamping, LLC. (ECF No. 29 at 70.) In light of the objection to the garnishment being moot and because Defendant had not contested the judgment, Magistrate Judge Grand declined to address the school closing exception. (ECF No. 38 at 126-27.)

At the request of the government, on July 15, 2014, the Court issued a writ of continuing garnishment to the State of Michigan. (ECF No. 33.) Defendant filed a motion to set aside the judgment on April 25, 2017, and the government filed a response on May 19, 2017. (ECF Nos. 36, 40.)

## II. Applicable Law & Analysis

Fed. R. Civ. P. 60(b) provides relief from a judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

A Rule 60(b) motion shall be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Defendant argues that the judgment should be set aside because his student loan debt was discharged. The judgment was entered against Defendant on March 5, 2013. (ECF No. 9.) Defendant filed this motion on April 25, 2017, more than four years after the judgment. (ECF No. 36.) Defendant does not offer any reason as to why he is entitled to the relief he seeks given the timing of his motion. Although Defendant raised this issue in August 2013 when he filed his objection to the garnishment, Defendant waited more than four years to seek relief from the judgment.

Accordingly, Defendant failed to file a timely Rule 60(b) motion.

4

However, even if Defendant's motion was timely, Defendant has not put forth any evidence that his student loan debt was discharged based on the school closing exception. Student loan obligations are discharged, if a school is closed and, at the time of the closure, the student was enrolled at the school, was on an approved leave of absence, or had not withdrawn no more than 90 days from the date of the closing. *See* 34 C.F.R. §§ 674.33, 682.402, 685.214. Defendant contends the school closed before he withdrew, but refers the Court to his own affidavit to support his contention. Exhibit D of Defendant's motion is consistent with Plaintiff's assertion that Defendant left the school on April 15, 1990. (ECF No. 36 at Pg ID 111; ECF No. 40 at Pg ID 138, 172.) Further, in a letter dated October 23, 2013 and addressed to Defendant, the Department of Education informed Defendant that he did not qualify to have his student loan discharged because he either "Graduated/Completed" his program. (ECF No. 40-6 at Pg ID 157.) Although Defendant disputes whether he graduated or completed the program, he has not provided any evidence suggesting that he was either enrolled or on approved leave of absence on August 15, 1991, or that he withdrew within ninety days of the closing. The only evidence before the Court is that Defendant either withdrew or completed his program on April 15, 1990, and the school closed on August 15, 1991. No other document in the record supports a conclusion to the contrary.

Accordingly,

**IT IS ORDERED**, that Defendant's motion (ECF No. 36) is **DENIED**.

                                               s/ Linda V. Parker
                                               LINDA V. PARKER
                                               U.S. DISTRICT JUDGE

Dated: December 7, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 7, 2017, by electronic and/or U.S. First Class mail.

                                               s/ R. Loury
                                               Case Manager